## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ALLEN JOHNSON, JR.**                                                    **PETITIONER**

**v.**                                         **CIVIL ACTION NO. 3:22-cv-715-TSL-MTP**

**TYREE JONES**                                                     **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Allen Johnson, Jr. and the Motion to Dismiss [7] filed by Respondent. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [7] be granted, the Petition [1] be denied, and this action be dismissed.

### FACTS AND PROCEDURAL BACKGROUND

Petitioner, who at the time of filing was a pretrial detainee in Hinds County, Mississippi, claims that he has been denied due process, bail, a speedy trial, and effective assistance of counsel and claims that the sheriff's department has tampered with his legal mail. Petitioner requests that this Court order the State to dismiss the criminal charges against him.

Petitioner was arrested for first degree murder on September 21, 2017. *See* [1] at 6. On October 31, 2017, the Hinds County Court denied Petitioner bail because he was free on bail for a prior felony when he allegedly committed the murder. *See* [7-2]. On April 16, 2018, Petitioner was indicted for first degree murder. *See* [8-2] at 7. On May 18, 2018, the trial court appointed Petitioner a public defender and set a trial date of December 10, 2018. *Id*. at 10-11.

On September 19, 2018, Petitioner's counsel moved to withdraw due to a conflict of interest. *Id*. at 16-17. Thereafter, the trial court appointed Petitioner new counsel and continued

1

the trial to March 11, 2019. *Id*. at 18-19. On March 1, 2019, the court, at Petitioner's request, continued the trial to October 7, 2019. *Id*. at 20-21. Thereafter, the court *sua sponte* continued the trial twice, resulting in a trial scheduled for November 10, 2020. *Id*. at 25-26. On October 26, 2020, Petitioner filed a motion for a speedy trial, but on December 7, 2020, the court entered an agreed order continuing the trial. *Id*. at 31. The court set the trial for May 17, 2021. *Id*. at 32.

On December 22, 2021, Petitioner, acting *pro se*, filed a "habeas corpus" petition in the Mississippi Supreme Court, complaining that he had been incarcerated for years without a trial and had been denied effective assistance of counsel. *See* [8-1] at 64-68. Petitioner requested that his criminal charges be dismissed. *Id*. The Mississippi Supreme Court, however, denied his petition. *Id*. at 6.

On January 11, 2021, Petitioner, acting *pro se*, moved in the trial court to have his counsel replaced. *See* [8-2] at 33-35. The court allowed counsel to withdraw and appointed new counsel on April 23, 2021. *Id*. at 48-49. On May 9, 2021, Petitioner filed a motion to continue the trial, and the court continued the trial to November 29, 2021. *Id*. at 53-55. On December 3, 2021, the court *sua sponte* continued the trial to April 11, 2022. *Id*. at 62. On April 8, 2022, the State filed an unopposed motion for continuance, and the trial was continued to August 8, 2022. *Id*. at 65-69.

On June 13, 2022, the State moved to amend the indictment to reflect Petitioner's habitual offender status. *Id*. at 74-75. The trial court amended the indictment on August 1, 2022, and on August 4, 2022, the State moved for a continuance. *Id*. at 112-14. The court continued the trial to November 14, 2022. *Id*. at 118.

On September 22, 2022, the Supreme Court of Mississippi appointed a special judge to "alleviate the strain on the Hinds County courts caused or exacerbated by the COVID-19

pandemic." *Id*. at 121-23. Petitioner's criminal action was reassigned to the newly appointed judge. The trial court entered an agreed order setting the trial for November 7, 2022. *Id*. at 129. The order states that Petitioner "specifically waives his right to a speedy trial." *Id*. On November 3, 2022, Petitioner filed a motion to continue. *Id*. at 130.

On December 7, 2022, Petitioner submitted this federal habeas action seeking the dismissal of the state criminal action.[1] Then, on or about December 12, 2022, Petitioner's criminal trial commenced. On December 14, 2022, however, the trial court entered a mistrial after the jury was unable to reach a unanimous verdict. *Id*. at 159. On December 22, 2022, the trial court set Petitioner a bond in the amount of $200,000. *Id*. at 165-66.

On March 15, 2023, Respondent filed his Motion to Dismiss [7] arguing that Petitioner's claims should be dismissed. Petitioner did not file a response.

## ANALYSIS

A pretrial detainee has a right, albeit limited, to invoke federal habeas relief under § 2241. In order to be eligible for pretrial habeas relief, a petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Additionally, a petitioner must have exhausted his available state remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).

A petitioner, however, is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances." *Id*. at 489, 493. The *Younger* abstention doctrine calls for federal courts to abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401

---

[1] The Petition was stamped filed in this Court on December 12, 2022, but Petitioner declared that he delivered it to prison official from mailing on December 7, 2022.

3

U.S. 37 (1971). *Younger* abstention is generally appropriate when (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

These conditions are present here. There is an on-going criminal proceeding against Petitioner. The State of Mississippi has an interest in carrying out the important task of enforcing its criminal laws. *See Smith v. Hood*, 2013 WL 208910, at *2 (N.D. Miss. Jan. 17, 2013) ("It is the state's interest in being able to enforce its own criminal laws, particularly its statutes relating to the most serious of offenses—the unlawful taking of a human life."). And, the state proceedings, which include an appeal process, provide Petitioner an adequate opportunity to raise constitutional challenges. Indeed, Petitioner previously pursued his claims concerning a speedy trial and ineffective assistance of counsel with the Mississippi Supreme Court, and nothing of record suggests that he would be unable to pursue his constitutional claims moving forward.

With these conditions present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45.

The "special circumstances" that would warrant federal court intervention are:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply, or (3) where other extraordinary circumstances threaten irreparable loss that is both great and immediate.

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotations omitted). The petitioner bears the burden of demonstrating a special circumstance. *Id*. at 881. "Mere conclusory

4

allegations . . . are insufficient to overcome *Younger*." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000).

Petitioner claims that he has been denied a speedy trial. The Sixth Amendment guarantees that for "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a speedy trial is applied to the states via incorporation by the Due Process clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967). A state pretrial detainee may raise a speedy trial claim under § 2241 to force the state to bring him to trial. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). However, relief under § 2241 is not available where the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial. *Id*. Here, Petitioner seeks the dismissal of his criminal charge. Accordingly, for Petitioner's speedy trial claim, he is not entitled to habeas relief. *See*, *e.g.*, *Reed v. Sollie*, 2020 WL 2373765 (S.D. Miss. Apr. 14, 2020); *McNeil v. Mason*, 2020 WL 898513 (S.D. Miss. Jan. 29, 2020); *Houston v. Sollie*, 2018 WL 3203604 (S.D. Miss. May 29, 2018); *Nichols v. Director*, 2016 WL 1130277 (E.D. Tex. Feb. 29, 2016); *Brown v. Lewis*, 2013 WL 4678594 (S.D. Miss. Aug. 30, 2013).

Furthermore, Petitioner has failed to show any "special circumstance" which would warrant federal court intervention to adjudicate his claims of ineffective assistance of counsel, denial of due process, and mail tampering[2] prior to the state courts' entry of a final judgment of conviction. *See Spikes v. Lancaster*, 2023 WL 2569447, at * (E.D. La. Jan. 23, 2023) (holding

---

[2] Petitioner's claim concerning mail tampering appears to be a conditions-of-confinement claim that is not properly pursued in a § 2241 habeas action. *See Rourke v. Thompson*, 11 F.3d 7, 49 (5th Cir. 1993); *see also Moore v. King*, 2009 WL 122555, at *1 (5th Cir. 2009) (*citing Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention.")). Thus, Petitioner's claim of mail tampering should be dismissed without prejudice regardless of whether it is brought as a habeas claim or as a civil-rights claim.

that petitioner's "substantive challenges (*e.g.*, ineffective assistance of counsel, falsified records and evidence) to his pending criminal charges may be remedied by a decision on the merits by the state courts, so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits.") (internal quotations and brackets omitted).  Accordingly, Petitioner's claims based on speedy trial, due process, ineffective assistance of counsel, and mail tampering should be dismissed without prejudice for seeking unavailable or premature relief and because the Court should abstain from interfering in the ongoing state criminal proceeding.

As for Petitioner's claim that he was denied bail, it is now moot.  As previously mentioned, Petitioner's criminal trial commenced after he filed his federal habeas action.  After the resulting mistrial, the state court set Petitioner a bond in the amount of $200,000.  Thus, Petitioner's claim that he was denied bail is now moot and should be dismissed without prejudice. *See James v. Sunflower Cnty. Sheriff*, 2022 WL 3051230, at *3 (N.D. Miss. Aug. 2022) (petitioner's "bond has been reduced since the filing of his petition such that there does not appear to be an 'actual case or controversy'"); *Sterling v. Waybourn*, 2021 WL 5286574, at *1 (N.D. Tex. Oct. 25, 2021) (finding denial of bail claim moot after bail was set); *Landry v. Woods*, 2008 WL 694694, at *1 (E.D. Tex. Mar. 13, 2008).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [7] be GRANTED and that that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of May, 2023.

s/ Michael T. Parker<br>United States Magistrate Judge